■ JOHN CHRISTINA, Respondent, v EDWARD SCHIELEIN et al., Appellants.—In an action to recover a deposit paid on a contract for the sale of real property, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Brucia, J.), entered September 23, 1989, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, entered December 5, 1989, which is in favor of the plaintiff and against them in the principal sum of $28,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff entered into a contract to purchase a home owned by the defendants Edward and Immaculata Schielein for $280,000. Upon signing the contract, the plaintiff paid a deposit in the amount of $28,000, which was held in escrow by the defendant law firm. Pursuant to the contract, the plaintiff was obligated to make a "truthful and proper" application for a mortgage loan in the amount of $224,000 for a period of 30 years. The plaintiff claimed, and the Supreme Court found, that he had made a good-faith, truthful, albeit unsuccessful, attempt to obtain a mortgage, and was therefore entitled under the contract to a return of his deposit. We agree. The documentary evidence contained in the record which includes, *inter alia,* the plaintiff's 1988 W-2 wage statement, supports his claim that his application was truthful. Moreover, the rejection letters from two lending institutions specifically indicated that the plaintiff was turned down for a mortgage because he had insufficient income and not because he was unable or unwilling to verify his income. Accordingly, the record before us indicates that the plaintiff submitted "truthful and proper" applications and made a good faith attempt to obtain a mortgage. Since the plaintiff submitted every relevant document he had, which verified the veracity of the pertinent information contained in his applications, his failure

to comply with the defendants' discovery demands does not, as the defendants suggest, render a decision on the merits premature. Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.